UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Genie R. McGarvey, et al., | ) | CASE NO. 09 MC 0076 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| John F. Special, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Quash Subpoena Duces Tecum Served Upon Mr. James Crawford (Doc. 1). This is a discovery dispute. For the reasons that follow, the motion is DENIED.

**FACTS**

This case arises out of lawsuit currently pending in the Northern District of Oklahoma. The underlying lawsuit is a wrongful death case resulting from a boating accident involving plaintiffs' decedent and defendant John Special. It appears that Mr. Special was convicted in state court of leaving the scene of the accident. Plaintiffs served a subpoena duces tecum on

1

James B. Crawford, a third-party who resides in this District.  James Crawford is an expert witness retained by defendants.  The subpoena seeks the following:  Crawford's files in both the civil and criminal cases; all documents pertaining to the civil and criminal suits; calculations and notes; billing statements and 1099s; a list of compensation received by Crawford for any work performed for defendants' attorneys in the past five years; all depositions and trial testimony given by Crawford in the previous four years relating to boating accidents; all written communications between Crawford and defendants, defendants' attorneys, or other agents relating to the criminal and civil suits.  The subpoena required that Crawford "mail" the documents to plaintiff's counsel, who is located in Oaklahoma.  The cover letter sent along with the subpoena indicated that, in the event Crawford did not want to mail the documents, arrangements would be made for Crawford to produce the records at a location near him. Crawford filed objections to the subpoena on the grounds that the requests are overly broad and unduly burdensome.

Fact discovery has closed, but expert discovery remains open.  The trial court set an expert discovery cutoff of October 1, 2009.

Defendants move to quash the subpoena and plaintiffs oppose the motion.

**ANALYSIS**

Defendants argue that this Court lacks jurisdiction to issue a subpoena requiring a party to produce documents outside of the Court's jurisdiction.  According to defendants, since they sought production of the discovery in Oklahoma, an Oklahoma court must issue the subpoena. In response, plaintiffs point out that the cover letter sent to Crawford along with the subpoena demonstrates that the option of mailing the documents was provided as a convenience to

2

Crawford and that if he objected, he could produce the documents in Ohio. Plaintiffs also argue that defendants lack standing to make the objection. In their reply brief, defendants fail to respond to this issue.

Upon review, the Court finds that defendants' objection is without merit. Assuming defendants even have standing to contest the Court's jurisdiction, the Court finds that the subpoena was properly issued. Crawford was given the option to mail the documents, but was informed that production in Ohio would have been arranged in the event he preferred not to mail the documents. As such, the Court cannot say that the issuance of the subpoena exceeds this Court's jurisdiction.

Defendants also object on the grounds that plaintiffs' subpoena is an attempt to subvert the scheduling orders issued by the Northern District of Oklahoma. According to defendants, the materials plaintiffs seek are fact discovery materials. In that the fact discovery deadline has passed, the subpoena is improper. In response, plaintiffs argue that defendants' position is nonsensical. According to plaintiffs, the materials are plainly related to expert discovery. In addition, plaintiffs argue that defendants failed to comply with the "meet and confer" requirements applicable to both the Northern District of Oklahoma and this District. Upon review, the Court finds defendants' position wholly lacking in merit. Even a cursory review of the materials sought by the subpoena demonstrates that plaintiffs are seeking expert discovery related materials. Items such as an expert's fee arrangement, prior deposition testimony, file documents, and the like relate to Crawford's role as an expert witness. In fact, it would likely be improper for plaintiffs to have sought this information during fact discovery. Because expert discovery remains open, the Court finds no basis on which to quash the subpoena.

The Court now turns to the objections filed by Crawford.  According to Crawford, the subpoena is overly broad and unduly burdensome.  Specifically, Crawford claims that the information would comprise "volumes" of documents, many of which "have been turned over during fact discovery."  Crawford also argues that the information consists of transcripts of depositions that plaintiffs' counsel attended.  Crawford also claims that it is an undue burden for him to produce the deposition and trial transcripts provided for the past four years.  According to Crawford, it would take an inordinate amount of time to locate these materials.  In response, plaintiffs claim that Crawford's objection was untimely and that Crawford failed to adequately support his claim of undue burden.

Upon review, the Court agrees with plaintiffs.  Assuming the objections were timely, Crawford failed to provide an adequate basis to support a claim of undue burden.  For example, Crawford fails to articulate the number of trials he has testified at over the past four years.  Even the busiest of experts is rarely called upon to provide trial testimony.  Absent additional argument regarding the extent of the undue burden, the Court finds Crawford's objection to be without merit.  Accordingly, the objections are overruled.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Quash Subpoena Duces Tecum Served Upon Mr. James Crawford is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/10/09

4